Argued May 26, affirmed June 6, 1916.

## IN RE ROWELL'S ESTATE.
## STEWART v. ROWELL.*

(157 Pac. 1064.)

**Wills—Probate—Sufficiency of Evidence—Unsound of Mind.**

1.    Evidence on a proceeding for the probate of a will contested by the surviving husband of the decedent on the ground that she was not of sound mind when it was executed, *held* to show that the will was the product of disease and delusion, and not the deliberate act of a person capable of intelligently selecting the objects of her bounty.

[As to insane delusion with respect to relative as affecting testamentary capacity, see note in Ann. Cas. 1916C, 4.]

From Lincoln: LAWRENCE T. HARRIS, Judge

Department 1.    Statement by MR. JUSTICE McBRIDE.

An instrument purporting to be the will of Lucy Ellen Rowell was presented for probate in the County Court of Lincoln County, by J. F. Stewart and Western Oregon Conference Association of Seventh Day Adventists. It was contested by Frank Rowell, the husband of the deceased, on the ground that she was not of sound and disposing mind, and was the subject of insane delusions at the time the instrument was executed. Upon a trial of the issue thus made the County Court found with the contestant, and refused to admit the instrument to probate. The case having been taken to the Circuit Court, the decree of the County Court was affirmed, from which decision the case is brought here.                              AFFIRMED.

*On the question as to what is testamentary capacity, see notes in 27 L. R. A. (N. S.) 2, and L. R. A. 1915A, 443; as to effect of morphinism on testamentary capacity, see note in 39 L. R. A. 263.

                              REPORTER.

For appellants there was a brief over the names of *Messrs. Moser & McCue, Mr. W. A. Williams* and *Mr. J. F. Stewart,* with oral arguments by *Mr. Gus C. Moser* and *Mr. Williams.*

For respondent there was a brief over the names of *Mr. Oscar Hayter, Mr. E. F. Coad* and *Messrs. Hawkins & McCluskey,* with oral arguments by *Mr. Hayter* and *Mr. Coad.*

Mr. Justice McBride delivered the opinion of the court.

The testimony in this case is very voluminous, and is all directed to one point, namely, the sanity of the deceased at the time of the execution of the will. A discussion of the evidence in detail would consume many pages of the Oregon Reports and serve no useful purpose. Carefully sifted, however, it presents in our judgment the picture of a woman naturally above the average in intelligence, but with neurotic tendencies, probably inherited, which gradually increased with years and developed into general insanity, which, while not of that pronounced type which would be manifest to a casual observer, was nevertheless deep-seated and the mainspring of her conduct during the latter years of her life. That this condition was accentuated by the frequent use of morphine as a palliation for stomach trouble seems also probable. It seems thoroughly established that she was the subject of many hallucinations. Among these was an unreasonable idea that her husband was seeking to poison her and was a drunkard and idler, whereas the testimony indicates that he was a sober and very industrious man, who cared for her and bore with her frequent outbursts of nervousness with exemplary

patience and kindness, and to whom no harsh word or unkind or inconsiderate act is attributed by any witness. Her belief that the water at different places where she lived was poisoned and her frequent removal from one residence to another to avoid this supposed danger indicate a mind permanently unbalanced. These are only a few of the many facts disclosed by the testimony which indicate a gradual decay of the mental faculties of the decedent, which we are satisfied had finally reached the stage which left her at the time she executed the alleged will in such a mental condition that the instrument was wholly the product of disease and delusion, and not the deliberate act of a person mentally capable of intelligently selecting the objects of her bounty.

The decree is affirmed.                     AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BEAN concur.

MR. JUSTICE BENSON and MR. JUSTICE HARRIS took no part in the consideration of the case.